UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS JAVIER ROMERO-MAGANA,<br><br>Defendant. | No. 1:02-cr-05293<br><br>ORDER DENYING MOTION FOR TIME SERVED<br><br>(Doc. No. 14) |

On September 13, 2004, defendant Luis Javier Romero-Magana pled guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326.  (Doc. Nos. 10-11.) The same day, defendant was sentenced to 37 months in the custody of the U.S. Bureau of Prisons to be followed by a 36 month term of supervised release.  (*Id*.)  On February 16, 2005, the court then denied defendant's motion to vacate, set aside, or correct the sentence imposed pursuant to 28 U.S.C. § 2255.  (Doc. No. 12.)  At that time the court reasoned that:

> In the written Plea Agreement, petitioner agreed 'not to contest his sentence in any post-conviction proceeding, including, but not limited to, any proceeding under 28 U.S.C. § 2255.'  Petitioner makes no claim that his guilty plea pursuant to the Plea Agreement was not knowing and voluntary or based on alleged ineffective assistance of counsel.

(Doc. No. 12, 1:23-2:3.)

/////

1

Seven years later, on September 19, 2012, defendant filed the present motion seeking to modify his supervised release term imposed as part of the sentence to time served. (Doc. No. 14.) Defendant alleges in that motion that he suffered a new conviction on April 1, 2010 resulting in a new term of imprisonment of 151 months being imposed against him. (*Id*.) At the time, however, he had three months of supervised release still remaining from his prior conviction, which he claims negatively affects his custody level and ability to enter into programs while in prison on the new conviction. (*Id*.) Defendant requests that the court issue an order of time served on these remaining three months of supervised release. (*Id*.) The day after he filed the present motion the case was reassigned to a new district judge. (Doc. No. 13.) There is then no activity on the docket of this case thereafter until December 4, 2015 when the matter was again reassigned, this time to the undersigned district judge. (Doc. No. 15.)

For the same reason that the court originally denied defendant's § 2255 motion, the court now denies his motion to modify the supervised release term imposed as part of his sentence in this case to time served. In his written plea agreement in this case, defendant agreed "not to contest his sentence in any post-conviction proceeding." Once again, defendant makes no claim that his guilty plea entered in this case was not knowing and voluntary nor does he contend that it was entered based on alleged ineffective assistance of counsel.

Accordingly, for the reasons set forth above:

1) Defendant's motion for time served (Doc. No. 14), filed on September 19, 2012, is denied; and

2) The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **January 12, 2016**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2